IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN ALONSO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: |
| | § | |
| BOTTLING GROUP, LLC d/b/a | § | _____ |
| PEPSI COLA, | § | |
| | § | |
| Defendant. | § | |

**EXHIBIT A**
**INDEX OF EXHIBITS FOR NOTICE OF REMOVAL**

| <u>Exhibit</u> | <u>Description</u> |
|---|---|
| A-1 | PLAINTIFF'S ORIGINAL PETITION |
| A-2 | CITATION |
| A-3 | DOCKET SHEET |

# EXHIBIT A-1

FILED
10/27/2017 1:50 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

cit cml sac1

CAUSE NO. **2017CI20650**

| | | |
|---|---|---|
| JUAN ALONSO | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | **407** JUDICIAL DISTRICT |
| | § | |
| | § | |
| BOTTLING GROUP, LLC d/b/a | § | BEXAR COUNTY, TEXAS |
| PEPSI COLA | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JUAN ALONSO, hereinafter referred to as "Plaintiff," or "Mr. Alonso," complaining of Defendant BOTTLING GROUP d/b/a PEPSI COLA (herein after referred to as "PepsiCo" or "Defendant"). For cause of action, Plaintiff respectfully shows unto the Court the following:

### I.

### PARTIES

1.  Plaintiff JUAN ALONSO is a resident of Bexar County, Texas

2.  Defendant BOTTLING GROUP, LLC, d/b/a PEPSI COLA is a foreign limited liability company doing business in Bexar County, Texas. Defendant may be served by serving its registered agent, C T Corporation System at 1999 Bryan St., Ste. 900, Dallas TX, 75201-3136 USA.

### II.

### JURISDICTION AND VENUE

1

Pl's Original Petition
*Juan Alonso v. Pepsi Cola*

3.      Plaintiff's claims arise under state law.  This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under state law and statute, the Fair Labor Standards Act (FLSA) and Chapter 21 of the Texas Labor Code.

4.      Venue of this action is proper in Bexar County, Texas in that all or a substantial part of the events or omissions giving rise to the claims herein occurred principally and/or exclusively in Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE ANN. § 15.001.

5.      Moreover, venue is proper in Bexar County, Texas in that the Defendant conducts business in Bexar County.  See TEX. CIV. PRAC. & REM. CODE § 15.002.

### III.

### DISCOVERY

6.      Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.  Plaintiff seeks relief in excess of $200,000 but no more than $1,000,000.  The expedited rules do not apply.  As of the time of filing, damages are within the jurisdictional limits of the court.

### IV.

### MISNOMER/MISIDENTIFICATION

7.      In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### V.

2

Pl's Original Petition
*Juan Alonso v. Pepsi Cola*

## RESPONDEAT SUPERIOR

8.      Employees involved in this cause of action were, at all times described herein, employees and vice-principals of Defendant and were at all times acting in the course and scope of that employment.  Accordingly, Defendant is liable for such conduct under the doctrine of *Respondeat Superior*.

## VI.

## FACTUAL BACKGROUND

9.      It is against state and federal law and Pepsi policy to terminate employees for reporting age discrimination. Under federal law, it is also unlawful to discriminate against an employee on the basis of age or to fail to pay a non-exempt employee all of their owed overtime wages. It is further against Pepsi Cola policy to terminate an employee without first following the progressive discipline policy. Pepsi's Merchandise Manager Kevin Cuellar, who is in his 20's, terminated the oldest employee at the San Antonio site for a first time offense after Mr. Alonso was repeatedly asked if he intended to retire.  Pepsi Cola employees labeled Mr. Alonso the veteran and indicated that a younger man could complete Alonso's job quicker, then wrongfully terminated him.  Defendant further failed to pay Plaintiff all of his overtime hours in violation of the Fair Labor Standards Act.

10.      On or around September 5, 1992, Pepsi Cola hired Mr. Alonso.  Mr. Alonso had completed and excelled at his essential job duties as a Relief Sales Representative for the past 15 years.   During his tenure, Mr. Alonso won at least the following awards and recognition while in California:

   a.   Top Sales Performer in 1995 (Period 12);

3

Pl's Original Petition
*Juan Alonso v. Pepsi Cola*

b.   Top Sales Performer in 1997 (Period 2);

c.   Top Sales Performer in 1997 (Period 3);

d.   Top Sales Performer in 1997 (Period 4);

e.   Right Side Up employee of the year in 1999;

f.   Top Sales in Sierra Mist 2003;

g.   Merchandiser of the Period (Period 3) 2004; and

h.   Act Now Do It Today (Warehouse Re-Location) P9 2006.

11.      Mr. Alonso moved to Texas on or around 2006.  Mr. Alonso continued to receive awards in the state of Texas for his excellence in performance and sales.

12.      Mr. Alonso's job duties included filling in for other employees, delivering product to customers, and filling customer orders.  Mr. Alonso worked on his days off, on weekends, overtime, worked while injured, and any time that he was called on by Pepsi to complete a task.

13.      On or around June 22, 2017, Merchandise Manager Kevin Cuellar called Mr. Alonso to schedule a meeting for June 23, 2017.

14.      On or around June 23, 2017, Merchandise Manager Kevin Cuellar and his supervisor, "Jesus," met with Mr. Alonso.  Merchandise Manager Cuellar notified Alonso that he was being suspended for falsifying 40 miles in his mileage report.  Mr. Alonso reviewed his South Texas Market Mileage Log with Cuellar, explaining that between the 10 to 20 locations he visited, when driving from start to finish, the recorded hours are both accurate and replicable.   The reality is that when traveling between the different stores, different needs needed to be met at different times, and different routes were taken when

4

Pl's Original Petition
*Juan Alonso v. Pepsi Cola*

necessary. Also, Mr. Alonso's position was as a relief driver, which meant he was required to relieve employees when needed of their duties and his schedule was not always precise. Despite this, Merchandise Manager Cuellar insisted there were falsifications. When Mr. Alonso asked for an example of how the 40 miles were calculated or determined to be falsified, none could be provided. The reasons given for Mr. Alonso's termination are at best pre-textual.

15.     Mr. Alonso had never been disciplined about, warned on, or given any indication that there were issues with his mileage or reporting his mileage. Moreover, Mr. Alonso had never known ANY employee in 25 years that was suspended or terminated for mileage errors. Mr. Alonso had not made any errors or misrepresentations on his mileage report, but Merchandise Manager Cuellar and Regional Manager Jesus suspended him just the same.

16.     In Pepsi Cola's Employee Guidebook, disciplinary action is generally addressed first with coaching, further training, informal discussions, or "work-withs." If an employee continues to exhibit performance deficiencies, the four steps of Pepsi's progressive discipline policy are followed, which are:

      1.) Documented Verbal Warning;

      2.) Written Warning;

      3.) Final Warning or Suspension; and

      4.) Termination.

17.     All disciplinary action was to remain active in an employee's file for a rolling 12-months. Mr. Alonso had not had any form of discipline, coaching, or warnings in the

5

Pl's Original Petition
*Juan Alonso v. Pepsi Cola*

previous 12-month period.   The most recent reprimands he had received were for calling

in sick pursuant to Pepsi's policy.

18.      On June 29, 2017, Pepsi Cola terminated Mr. Alonso.

19.      Mr. Alonso intended to retire from Pepsi in 20 years.  It does not add up that he

would decide, after 25 years of service, to falsify or steal 40 miles in mileage, equivalent

to $21.40 of the 2017 Standard Mileage Rate for Business.

20.      Plaintiff is currently trying to get information on and access to his accrued benefits

and retirement from Pepsi's human resources unsuccessfully.

21.      At the time of his termination, Mr. Alonso made $15.00 an hour and worked 50 to

60 hours a week.  Mr. Alonso was entitled to a time and a half his hourly rate, or $22.50,

for all hours worked over 40 in a week pursuant to the Fair Labor Standards Act. Mr.

Alonso earned approximately $52,500.00 a year and $4,375.00 a month.

22.      In addition to Mr. Alonso's claims for age discrimination and retaliation, Mr.

Alonso further alleges he was not paid all of his overtime hours, owed at least 60 hours for

each year in the previous three years, for a total of at least 180 hours. Mr. Alonso alleges

he is owed 180 hours at a time and a half hourly rate, or $22.50, for at least $4,050.00.

Mr. Alonso is further entitled to an additional $4,050.00 in liquidated damages under the

Fair Labor Standards Act.

23.      The FLSA requires employers to pay hourly employees an overtime premium of

"not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.

§ 207(a)(1). The "regular rate" is the employee's compensation stated on an hourly basis.

29 C.F.R. § 778.109; *Overnight Motor Transp. Co. v. Missel,* 316 U.S. 572, 579–80 (1942).

6

Pl's Original Petition
*Juan Alonso v. Pepsi Cola*

The Defendant's failure to pay overtime and/or forcing Plaintiff to work any off the clock hours violated the Fair Labor Standards Act of 1938 as currently amended and codified at 29 U.S.C. §201 *et seq.* (FLSA). Therefore, Plaintiff is entitled to recover regular and/or overtime pay for each hour worked off the clock and/or in excess of 40 hours during any one work week at the rate of one and one half times his hourly rate.

24.     The company willfully refused to pay his overtime, even after authorizing overtime payments.  Plaintiff would show that the FLSA violations were willful and as such Plaintiff is entitled to up to three years of accrued, unpaid overtime pay.  Plaintiff complained that he was not paid all of his hours or overtime.  Sometimes Defendant would not pay Plaintiff for a whole day's work after he accrued overtime hours. Plaintiff is further entitled to liquidated damages in an amount equal to the overtime benefits due because of the willful nature of the Defendant's failure to take reasonable steps to comply with the FLSA. Plaintiff is also entitled to recover attorneys' fees under the statute.

## VII.

## RETALIATORY DISCHARGE & DISCRIMINATORY ACTS

25.     In addition to claims for violations of the FLSA with regard to unpaid time and overtime, Plaintiff alleges retaliation under the FLSA.  Plaintiff alleges that she was threatened with physical violence if she did not work off the clock after Plaintiff had complained to Defendant of the wage and hour law violations under the FLSA that are the subject of this lawsuit.  Consequently, Defendant has engaged in discriminatory conduct and retaliatory acts that are expressly prohibited by FLSA §215(a)(3).

## VIII.

7

Pl's Original Petition
*Juan Alonso v. Pepsi Cola*

**DISCRIMINATION AND RETALIATION BASED ON AGE UNDER TEX.
LABOR CODE 21.051, *et seq.* AND THE AGE DISCRIMINATION IN
EMPLOYMENT ACT OF 1967, AS AMENDED**

26.     Plaintiff re-alleges and incorporates his allegations as if fully restated herein.

27.     Prior to his termination, Plaintiff had faithfully served Defendant in his capacity as an employee and faithfully performed all duties expected of him.  The acts committed by the agents, servants and/or employees of the Defendant in discriminating against terminating Plaintiff based on his age all constitute violations of Tex. Labor Code 21.051, et seq., including " 21.051, 21.101, 21.125, and any other applicable provisions.  Moreover, the termination of Plaintiff was retaliation because of his complaint and opposition to discrimination based on age.

28.     Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights.

29.     As a result of Defendant's discrimination and unlawful retaliatory actions, the Plaintiff has suffered, and will continue to suffer, actual damages in the form of lost wages, past and future, and lost employment benefits.

## IX.

## ADMINISTRATIVE FILINGS

30.     Plaintiff filed his original verified complaint with the Equal Employment Opportunity Commission and the Texas Workforce Commission dually, alleging that the Defendant had committed and unlawful employment action against Plaintiff.

8

Pl's Original Petition
*Juan Alonso v. Pepsi Cola*

31.     Thereafter, Plaintiff received a "Notice of Suit" from the TWC, giving Plaintiff notice of his right to sue Defendant within 60 days of its receipt. Plaintiff has timely filed this Plaintiff's Original Petition.

## X.

## ATTORNEY'S FEES

32.     It was necessary for Plaintiff to retain the services of the undersigned attorney to prosecute this action. Plaintiff is entitled to recover the reasonable and necessary attorney's fees, expert fees and court costs to prosecute this action as authorized under the FLSA and/or the Texas Labor Code. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

     A.     Preparation and trial of the claim, in an amount the jury deems reasonable;

     B.     Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

     C.     An appeal to the Court of Appeals, in an amount the jury deems reasonable;

     D.     Making or responding to an Application for Writ of Error to the Supreme Court of Texas, and attorneys' fees in the event that application for Writ of Error is granted, in an amount the jury deems reasonable; and

     E.     Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XI.

## DAMAGES

33.     Plaintiff sustained the following damages as a result of the actions and/or omissions

9

Pl's Original Petition
*Juan Alonso v. Pepsi Cola*

of Defendant described hereinabove:

a.     Overtime pay, time and one half pay, for all hours worked while employed by Defendant that were in excess of 40 hours per week and for all regular time and/or overtime hours worked "off the clock" during the business day;

b.     All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff;

c.     Back pay from the date that Plaintiff was terminated and interest on the back pay in an amount sufficient to compensate Plaintiff as the Court deems equitable and just and liquidated damages as provided under the statute;

d.     All reasonable and necessary costs incurred in pursuit of this suit;

e.     Expert fees as the Court deems appropriate;

f.     Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

g.     Pre and Post judgment interest as allowed by law and punitive damages;

h.     Mental anguish in the past;

i.     Mental anguish in the future;

j.     Loss of benefits, promotional opportunities, and job status; and

k.     Any liquidated damages she is entitled to under the FLSA.

## XII.

## JURY DEMAND

34.     Plaintiff further demands a trial by jury. A jury fee has been tendered.

Pl's Original Petition
*Juan Alonso v. Pepsi Cola*

## XIII.

### REQUEST FOR INITIAL DISCLOSURE TO DEFENDANT

35.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that

Defendant disclose to Plaintiff, within fifty (50) days of the service of this request, the

information and materials described in Rule 194.2(a) through (k), to be produced at the

Poncio Law Offices, P.C., at 5410 Fredericksburg Rd., Ste. 109, San Antonio, Texas

78229. Defendant is hereby given notice that any document(s) or other material, including

electronically stored information, that may be evidence or relevant to any issue in this case

is to be preserved in its present form until this litigation is concluded.

## XIV.

### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be

cited to appear and answer herein and that upon a final hearing hereof, a judgment be

rendered for Plaintiff and against the Defendant, for the actual damages set out above in an

amount the jury deems reasonable under the circumstances, along with costs of court, pre-

judgment interest, post-judgment interest, liquidated damages, and for such other and

further relief to which Plaintiff may be justly entitled.

**Respectfully Submitted,**

**/s/ Thomas N. Cammack, III**
**Adam Poncio**
**Southern ID No. 194847**
**State Bar No. 16109800**
**salaw@msn.com**
**Thomas N. Cammack, III**
**Southern ID No. 2433512**

11

Pl's Original Petition
*Juan Alonso v. Pepsi Cola*

State Bar No. 24073762
tcammack@ponciolaw.com
Alan Braun
Southern ID No. 1428056
State Bar No. 24054488
abraun@ponciolaw.com

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 310**
**San Antonio, Texas  78229**
**Telephone: (210) 212-7979**
**Facsimile:  (210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**

12

PI's Original Petition
*Juan Alonso v. Pepsi Cola*

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY MᶜKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*November 17, 2017*

**DONNA KAY MᶜKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

DAVID BERUMEN, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

# EXHIBIT A-2

CERTIFIED MAIL #70163010000045831384

▌▌▌ █▐▐ █▐█ ▐▐█▐▐▐ █▌ ▌▌▌
2017CI20650  S00001

**Case Number: 2017-CI-20650**

**JUAN ALONSO**

    **vs.**

**BOTTLING GROUP**

(Note: Attached document may contain additional litigants).

**CITATION**



IN THE DISTRICT COURT
407th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**    BOTTLING GROUP LLC D/B/A PEPSI COLA

               1999 BRYAN ST 900
               DALLAS TX 75201

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION was filed on the 27th day of October, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 6TH DAY OF November A.D., 2017.

THOMAS N CAMMACK III
ATTORNEY FOR PLAINTIFF
5410 FREDERICKSBURG RD 109
SAN ANTONIO, TX 78229-3554



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Isaias Ibarra,* Deputy

---

JUAN ALONSO
vs
BOTTLING GROUP

**Officer's Return**

Case Number: 2017-CI-20650
Court:407th Judicial District Court

Came to hand on the 6th day of November 2017, A.D., at 2:36 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20____, by delivering to: _____ at 1999 BRYAN ST 900 DALLAS TX 75201 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX
By: *Isaias Ibarra,* Deputy

FILE COPY (DK003)

**DOCUMENT SCANNED AS FILED**

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*November 17, 2017*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

DAVID BERUMEN, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

# EXHIBIT A-3

 

**GERARD C. RICKHOFF**            **DONNA KAY McKINNEY**

# COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

---

# Case #2017CI20650

**Name** : JUAN ALONSO

**Date Filed** : 10/27/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 407

**Docket Type** : EMPLOYMENT-DISCRIMINATION

**Business Name** :

**Style** : JUAN ALONSO

**Style (2)** : vs BOTTLING GROUP

# Case History

*Currently viewing 1 through 4 of 4 records*

| Sequence | Date Filed | Description |
|---|---|---|
| S00001 | 11/6/2017 | CITATION CERTIFIED MAIL<br>BOTTLING GROUP LLC<br>ISSUED: 11/6/2017 RECEIVED: 11/6/2017<br>EXECUTED: 11/10/2017 RETURNED: 11/13/2017 |
| P00003 | 10/27/2017 | JURY FEE PAID |
| P00002 | 10/27/2017 | SERVICE ASSIGNED TO CLERK 1 |
| P00001 | 10/27/2017 | PETITION<br>WJD |

*(handwritten annotations:)* ENTRIES IN SYSTEM, NO ATTACHMENTS/DOCS